# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

## Smith, Appellant, v. Rapp.

*Bankruptcy—National Bankruptcy Act of 1898, Section 67 (f) —Judgment—Act of bankruptcy.*

Upon commencement of bankruptcy proceedings, which are in rem, all the property of the alleged bankrupt held by him or for his use, aside from the exemptions, is subject to the jurisdiction of the bankruptcy court, and upon his adjudication, the sequestration reaches all such property, and becomes operative from the institution of the proceedings.

Where an execution has been issued in a State court and money paid to the sheriff to be applied to the satisfaction of the same, and the defendant is subsequently adjudged a bankrupt, such money in the hands of the sheriff is the property of the trustee in bankruptcy.

Argued April 16, 1919. Appeal, No. 2, April T., 1919, by plaintiff, from order of C. P. Indiana Co., September T., 1915, No. 38, distributing money paid to the sheriff in the case of Sherman Smith v. J. A. Rapp, Linus M. Lewis, Trustee in Bankruptcy, defendants. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Exceptions to auditor's report. Before LANGHAM, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the exceptions and awarded the money, paid into court, to the trustee in bankruptcy of the defendant. Plaintiff appealed.

*Error assigned* was the order of the court.

*D. B. Taylor,* for appellant.

*W. M. Mahan,* for appellee.

Opinion by Williams, J., July 17, 1919:

The court below states the facts as follows: January 26, 1915, Rapp executed a judgment note to the order of Smith for the sum of $300; March 20, 1915, Smith entered the note in the court of common pleas, to No. 77, June Term, 1915; July 2, 1915, Smith caused a writ of fi. fa. to No. 38, September Term, 1915, to be issued on said judgment against Rapp; July 6, 1915, Rapp secured from the First National Bank of Indiana, Pennsylvania, upon a note endorsed by Bennett, a sum of money, of which he gave $285 to Shawfield, with instructions to pay the same to the sheriff, to be applied upon the writ of fi. fa. against him. The sheriff received the $285, credited the same upon the writ, and gave Shawfield a receipt therefor, of which the following is a copy: "Sheriff's office. $285. Indiana, Pa. July 6, 1915. Received of J. A. Rapp two hundred eighty-five dollars credit on fi. fa., No. 38, Term September. 1915. George H. Jeffries, Sheriff"; the above mentioned writ was made returnable the first Monday of September, 1915; August 19, 1915, before the return day of the writ, Rapp was declared a bankrupt by proceedings in voluntary bankruptcy; subsequently the trustee in bankruptcy claimed the $285, paid by Rapp on the Smith writ as a part of the bankrupt's estate; the sheriff released the personal property levied upon to the trustee in bankruptcy, and paid the $285 into court to await a proper distribution

thereof by the auditor. It is this fund which is in controversy. Does it belong to the bankrupt's estate or to Smith, as intended by Rapp when he instructed that it be applied to the Smith writ?

Section 67f of the Bankruptcy Act of 1898, provides, inter alia: "That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of the petition of bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as part of the estate of the bankrupt."

It has been held, under this section that upon the commencement of bankruptcy proceedings, which are in rem, all the property of the alleged bankrupt held by him or for his use, aside from the exemptions, is subject to the jurisdiction of the bankruptcy court, and upon his adjudication the sequestration reaches all such property, and becomes operative from the institution of the proceedings as a "caveat to all the world" preventing interference by attachment or other means in derogation of the interests of the estate: State Bank of Chicago v. Cox, 16 A. B. R. 32, 36.

Appellant urges that this case is ruled by Hawley, etc., Co. v. Chidsey, 38 A. B. R. 219, and Rudy v. Com., 35 Pa. 166. In the former there was a legal trust in esse which clearly evidenced that the property claimed by the trustee was not the property of the bankrupt estate; in the latter the facts were similar to the present one, but it differs in this respect; the claimant was a senior lien creditor, claiming under the lien of the levy, which had not attached to the voluntary payment of the debtor to the sheriff for the junior lien creditor; the court held that the money in the hands of the sheriff was subject to a trust in favor of the junior lien creditor; here the debtor attempted to do the same thing, but the trust

which is asserted is clearly illegal; it was beyond the power of the debtor to create a valid trust, which would in effect create a preference in favor of appellant; the bankruptcy act expressly forbids any such transaction and no trust arises.

The order of the court below is affirmed.