## Resh's Assigned Estate.

*Bankruptcy—Assignment for creditors—Jurisdiction of Federal and State courts—Stay of proceedings—Withdrawal of name from petition to stay—Order on assignee to deliver assets to trustee in bankruptcy.*

1. Cases in bankruptcy are proceedings *in rem*, and from and after the filing of the petition the jurisdiction of the Federal court in which it is filed becomes complete and exclusive as to the bankrupt and his property for the purposes of the distribution of the latter to and among his creditors.

2. Where, after an assignment for creditors, the assignor files a voluntary petition in bankruptcy in the Federal court, the jurisdiction in the State court over the estate of the insolvent ends.

3. Thereafter such court will stay all proceedings before it, but will leave the trustee in bankruptcy to his remedy in the Federal court for the recovery of the bankrupt's estate from his assignee, and will also refer to the Federal court the assignee's claim for commissions and expenses.

4. Where a creditor joins in a petition for a stay of proceedings and subsequently asks leave to withdraw his name from the petition, and it appears that no action was taken on the petition, and that his withdrawal would not prejudice the rights of other interested parties, leave to withdraw will be granted.

Petition of Peter S. Resh and others, creditors of Howard C. Resh, to stay proceedings in the assigned estate of Howard C. Resh, and of J. E. Vandersloot, trustee in bankruptcy of Howard C. Resh, to intervene and become a party. C. P. York Co.

*S. B. Meisenhelder, Logan & Logan* and *J. E. Vandersloot,* for petitioners.
*Harvey A. Gross* and *Ehrehart & Bange,* for assignees.

WANNER, P. J., Jan. 7, 1924.—On Aug. 25, 1923, Howard C. Resh executed and delivered to his assignee, Daniel H. Wertz, a deed of voluntary assignment for the benefit of his creditors under the provisions of the Act of June 4, 1901, P. L. 404.

Less than four months thereafter, to wit, on Sept. 23, 1923, the assignor filed a voluntary petition in bankruptcy in the United States District Court for the Middle District of Pennsylvania, which district includes the County of York. He was afterwards declared a bankrupt therein, and J. Edward Vandersloot, Esq., was, on Oct. 18, 1923, elected trustee in bankruptcy.

This assignment, by reason of its execution within less than four months immediately prior to the filing of the assignor's petition in bankruptcy, was void and inoperative from and after the date of the filing of said bankruptcy petition.

The law is well settled that cases in bankruptcy are proceedings *in rem*, and that from and after the filing of the petition, the jurisdiction of the Federal court in which it is filed becomes complete and exclusive as to the bankrupt and his property for the purposes of the distribution of the latter to

and amongst his creditors: Smith *v*. Rapp, 73 Pa. Superior Ct. 1; Matter of Neuburger, 39 Am. Bank Reps. 139. It is said in one of the cases that "whenever the Federal door is open, the state door is automatically shut:" Ketcham *v*. MacNamara, 72 Conn. 709, 711, 46 Atl. Repr. 146, 50 L. R. A. 641.

The jurisdiction of this court, therefore, over the estate of the insolvent in the hands of his assignee ended when the Federal court acquired jurisdiction in bankruptcy proceedings.

On Oct. 13, 1923, three of the creditors of the insolvent filed their petition in this court, asking for a stay of all proceedings in this jurisdiction in the matter of the assigned estate of Howard C. Resh. Upon this petition a rule was granted to show cause why such a stay should not be ordered by the court.

Subsequently, J. Edward Vandersloot, trustee in bankruptcy, filed an intervening petition, joining in the prayer for a stay in this court and also asking for an order upon the assignee of the insolvent to pay over to assignor's trustee in bankruptcy the property and assets of the assigned estate in his hands.

A rule to show cause why an order should not be made was thereupon granted.

On Oct. 29, 1923, one of the three creditors who had petitioned for a stay of proceedings asked leave to withdraw his name from said petition, alleging that he had signed the petition under certain misrepresentations of fact, and a rule to show cause why his name should not be withdrawn was granted by the court.

All of these rules are now pending and before the court for determination.

We are of the opinion that the petitioning creditor should be permitted to withdraw his name if he joined in the petition for a stay of proceedings under a mistake as to facts, or even upon his mere desire to do so, as no action has been taken on the petition, and his withdrawal will not prejudice the rights of any other interested party.

As we have already seen that the jurisdiction of this court is ousted by the filing of the petition in bankruptcy by the assignor, Howard C. Resh, there can, of course, be no further steps taken by this court in the settlement of his assigned estate. The court, of its own motion, would decline to pursue the matter further, and this petition would, perhaps, have been unnecessary, but it may make the situation more clear to all interested parties to enter a formal stay of proceedings on the record.

The petition of the trustee in bankruptcy for an order of this court upon the assignee to turn over the assets of the assigned estate to the trustee in bankruptcy raises the only question about which there seems to be any room for doubt or contention.

It is quite apparent from the above cited decisions that the assignee can take no further steps toward disposing of any part of the assigned estate of Howard C. Resh, which is now in his hands, because the title thereto has become vested in the trustee in bankruptcy for all purposes of conversion and distribution amongst the bankrupt's creditors.

If he should, upon the request of the trustee, refuse to turn over such assets, the trustee could properly proceed in the Federal court to recover the property by proper judicial process.

We doubt whether this court should make any order on the subject, for the technical reason that it has lost its jurisdictional control of the property of the bankrupt, and because it is doubtful whether or not it could make an enforceable order. Neither could this court award compensation or allow

expenses to the assignee out of the bankrupt's property, over which it has lost its jurisdictional control; such account, with the assignee's claim for compensation and expenses, should be presented for the consideration of the Federal court.

And now, to wit, Jan. 7, 1924, (1) the rule to show cause why the name of the creditor, Daniel H. Wertz, should not be withdrawn from the petition asking for a stay of proceedings is hereby made absolute; (2) the rule to show cause why all proceedings in this court in the matter of the assigned estate of Howard C. Resh should not be stayed is also made absolute; (3) the rule to show cause why this court should not order the transfer and delivery of the assets of the assigned estate of Howard C. Resh by his assignee to J. Edward Vandersloot, his trustee in bankruptcy in the Federal court, is hereby discharged.

From Richard E. Cochran, York, Pa.